FILED BY ___Mco___ D.C.

JUN 30 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TONNY R. PEREZ,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF MIAMI BEACH, FLORIDA,<br>a municipal entity;<br>OFFICER T. THAI (Badge #2106),<br>in his individual and official<br>capacities;<br>OFFICER CARLOS VALLADARES<br>(Badge #2095),<br>in his individual and official<br>capacities,<br><br>  Defendants.<br>_____/ | Case No.: 1:26-cv-24473<br><br>**DEMAND FOR BENCH TRIAL**<br><br>(42 U.S.C. SS 1983; Florida State Torts) |

### AMENDED COMPLAINT

Plaintiff, TONNY R. PEREZ ("Plaintiff"), by and through the undersigned, hereby files this Amended Complaint against Defendants CITY OF MIAMI BEACH ("City"), OFFICER T. THAI ("Officer Thai"), and OFFICER CARLOS VALLADARES ("Officer Valladares") (collectively "Defendants"), and alleges as follows:

### PARTIES

1. Plaintiff, TONNY R. PEREZ, is a natural person and resident of Miami-Dade County, Florida, and is a citizen within the meaning of 42 U.S.C. SS 1983.

2.  Defendant CITY OF MIAMI BEACH is a Florida municipal corporation that owns, operates, and controls the Miami Beach Police Department ("MBPD"), and at all material times was responsible for the hiring, training, supervision, discipline, retention, and conduct of its police officers.

3.  Defendant OFFICER T. THAI (Badge #2106) was, at all times material hereto, a sworn law enforcement officer employed by the MBPD, acting under color of state law, and is sued in both his individual and official capacities.

4.  Defendant OFFICER CARLOS VALLADARES (Badge #2095) was, at all times material hereto, a sworn law enforcement officer employed by the MBPD, acting under color of state law, and is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

5.  This action arises under the Constitution and laws of the United States, including 42 U.S.C. SS 1983, and supplemental state law claims pursuant to 28 U.S.C. SS 1367.

6.  This Court has original jurisdiction pursuant to 28 U.S.C. SSSS 1331 and 1343(a)(3).

7.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. SS 1391(b) because all events and omissions giving rise to the claims herein occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8.  On or about March 1, 2026, Plaintiff was lawfully operating his motor vehicle within the City of Miami Beach, Florida, in full compliance with all applicable traffic laws.

9.  Plaintiff was stopped by Defendant Officer Thai without a valid traffic violation or legal justification sufficient to warrant the detention that followed.

10. Plaintiff fully and peacefully cooperated with the officers at all times during the stop.

11.  Despite Plaintiff's complete cooperation, Officer Thai unlawfully prolonged the traffic stop well beyond the time reasonably necessary to effectuate its stated purpose, without reasonable suspicion or probable cause to justify the continued detention. See Rodriguez v. United States, 575 U.S. 348, 354 (2015) (holding that the authority for the seizure ends when tasks tied to the traffic infraction are or reasonably should have been completed).

12.  Plaintiff exercised his First Amendment right to request that a supervisory officer be summoned to the scene to observe and address the unlawful detention.

13.  Officer Thai denied Plaintiff's request for a supervising officer without lawful justification.

14.  Officer Thai then deliberately and intentionally threatened Plaintiff with arrest and advised that his vehicle would be impounded if Plaintiff continued to assert his rights or question the officers' conduct. These threats were made without probable cause and solely in retaliation for Plaintiff's protected speech.

15.  Officer Thai's threats placed Plaintiff in reasonable apprehension of an imminent, unlawful deprivation of his liberty and property, causing Plaintiff immediate fear, anxiety, and severe emotional distress.

16.  Officer Valladares was present throughout the entire encounter, personally witnessed Officer Thai's unlawful conduct, possessed a realistic opportunity to intervene to prevent the constitutional violations, and deliberately failed and refused to do so.

17.  At all relevant times, Defendants acted under color of state law.

18.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer significant damages, including but not limited to: severe emotional distress, anxiety, fear, humiliation, loss of dignity, interference with daily activities and personal life, sleeplessness, and other compensable physical and psychological injuries.

## COUNT I

**42 U.S.C. SS 1983 -- Unlawful Prolonged Seizure**

**Fourth Amendment -- Against Officer T. Thai**

19.  Plaintiff realleges and incorporates herein paragraphs 1 through 18.

20. The Fourth Amendment prohibits unreasonable seizures. A traffic stop becomes unlawful if it is prolonged beyond the time reasonably required to complete the mission of the stop. Rodriguez v. United States, 575 U.S. 348, 350-51 (2015). Any extension of the stop, even a brief one, requires independent reasonable suspicion. Id. at 355.

21. Officer Thai lacked reasonable suspicion or probable cause to extend Plaintiff's detention beyond the scope and duration necessary to resolve the initial stop.

22. Officer Thai's unlawful prolongation of the traffic stop constituted an unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment to the United States Constitution, actionable under 42 U.S.C. SS 1983.

23. At the time of the conduct, it was clearly established law that prolonging a traffic stop without independent reasonable suspicion is unconstitutional. Rodriguez, 575 U.S. at 356-57. Officer Thai is therefore not entitled to qualified immunity.

24. As a direct and proximate result of Officer Thai's conduct, Plaintiff sustained constitutional injury, emotional distress, and compensable damages.

WHEREFORE, Plaintiff demands judgment against Officer Thai for compensatory damages, emotional distress damages, punitive damages, attorney's fees pursuant to 42 U.S.C. SS 1988, costs, prejudgment interest, and all further relief the Court deems just and proper.

## COUNT II

### 42 U.S.C. SS 1983 -- First Amendment Retaliation

### Against Officer T. Thai

25. Plaintiff realleges and incorporates herein paragraphs 1 through 18.

26. The First Amendment protects the right to petition government and to speak freely to law enforcement, including the right to request a supervisory officer during a police encounter.

27. Plaintiff's request for a supervisor constituted constitutionally protected speech.

28. Officer Thai responded to Plaintiff's protected speech by threatening Plaintiff with false arrest and vehicle impoundment -- adverse actions that would not ordinarily be taken absent a retaliatory motive. See <u>Nieves v. Bartlett</u>, 587 U.S. 391, 402 (2019) (recognizing First Amendment retaliatory threat claims where no probable cause exists for the adverse action).

29. Officer Thai lacked any probable cause to arrest Plaintiff. The threatened adverse actions were causally connected to Plaintiff's protected speech and would deter a person of ordinary firmness from exercising his or her First Amendment rights.

30. As a direct and proximate result of Officer Thai's retaliatory conduct, Plaintiff suffered constitutional injury, fear, severe emotional distress, and compensable damages.

WHEREFORE, Plaintiff demands judgment against Officer Thai for compensatory damages, emotional distress damages, punitive damages, attorney's fees pursuant to 42 U.S.C. SS 1988, costs, prejudgment interest, and all further relief the Court deems just and proper.

## COUNT III
### 42 U.S.C. SS 1983 -- Failure to Intervene
### Against Officer Carlos Valladares

31. Plaintiff realleges and incorporates herein paragraphs 1 through 18.

32. A law enforcement officer who is present and witnesses a constitutional violation by a fellow officer has an affirmative duty to intervene to prevent it. <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1330-31 (11th Cir. 2008); <u>Priester v. City of Riviera Beach</u>, 208 F.3d 919, 924 (11th Cir. 2000).

33. Officer Valladares was present throughout the encounter and directly witnessed Officer Thai's unlawful prolongation of the traffic stop, retaliatory threats, and denial of Plaintiff's request for a supervisor.

34. Officer Valladares had sufficient time and a realistic opportunity to intervene to prevent each constitutional violation committed by Officer Thai.

**35.** Officer Valladares deliberately failed and refused to intervene, thereby ratifying and acquiescing in the constitutional violations against Plaintiff.

**36.** As a direct and proximate result of Officer Valladares' failure to intervene, Plaintiff sustained constitutional injury, severe emotional distress, and compensable damages.

**WHEREFORE,** Plaintiff demands judgment against Officer Valladares for compensatory damages, emotional distress damages, punitive damages, attorney's fees pursuant to 42 U.S.C. SS 1988, costs, prejudgment interest, and all further relief the Court deems just and proper.

## COUNT IV

### 42 U.S.C. SS 1983 -- Municipal Liability (Monell)

### Against the City of Miami Beach

**37.** Plaintiff realleges and incorporates herein paragraphs 1 through 18.

**38.** Municipalities are liable under 42 U.S.C. SS 1983 when a constitutional deprivation results from an official policy, custom, or practice of the municipality. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-94 (1978).

**39.** A municipality may also be liable where it exhibits deliberate indifference to an obvious need for training that is likely to result in constitutional violations. City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).

**40.** At all material times, the City was responsible for establishing and enforcing policies, customs, and practices governing the conduct of MBPD officers, including lawful traffic stop procedures, citizens' First Amendment rights, supervisory response protocols, and the prohibition on retaliatory threats.

**41.** The City maintained one or more of the following unconstitutional policies, customs, or practices: (a) inadequate training on the constitutional limits of traffic stop duration under the Fourth Amendment; (b) inadequate training on citizens' First Amendment rights during police encounters; (c) a custom of tolerating or ratifying officer retaliation against citizens who assert their rights; (d) failure to discipline officers who unlawfully prolong detentions or issue retaliatory threats;

and (e) deliberate indifference to the known pattern of constitutional violations resulting from the foregoing.

42. The City knew or should have known that failure to adequately train and discipline MBPD officers in these areas would foreseeably result in violations of citizens' constitutional rights. Canton, 489 U.S. at 390.

43. The City's unconstitutional customs, policies, and deliberate indifference were the moving force behind and direct cause of the violations Plaintiff suffered.

WHEREFORE, Plaintiff demands judgment against the City of Miami Beach for compensatory damages, emotional distress damages, attorney's fees and costs pursuant to 42 U.S.C. SS 1988, declaratory and injunctive relief, and all further relief the Court deems just and proper.

## COUNT V

### Intentional Infliction of Emotional Distress

### Florida State Law -- Against Officers Thai and Valladares, Individually

44. Plaintiff realleges and incorporates herein paragraphs 1 through 18.

45. Under Florida law, the elements of intentional infliction of emotional distress ("IIED") are: (1) deliberate or reckless conduct; (2) the conduct was outrageous; (3) the conduct caused the emotional distress; and (4) Plaintiff suffered severe emotional distress. Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985).

46. Officer Thai's conduct was deliberate and intentional: he knowingly and purposefully prolonged Plaintiff's detention without lawful basis, denied Plaintiff's reasonable request for a supervisor, and then threatened Plaintiff with false arrest and vehicle impoundment in direct retaliation for Plaintiff's assertion of his constitutional rights.

47. Officer Valladares deliberately stood by, observed the entirety of Officer Thai's abusive conduct, and refused to intervene -- thereby ratifying and perpetuating the outrageous treatment of Plaintiff.

**48.** The Defendants' combined conduct -- abusing law enforcement authority to unlawfully detain a cooperative and compliant citizen, deny his fundamental right to supervisory review, and threaten him with false arrest -- is so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. McCarson, 467 So. 2d at 278.

**49.** As a direct and proximate result of Defendants' outrageous conduct, Plaintiff suffered and continues to suffer severe emotional distress, including anxiety, persistent fear of law enforcement, sleep disturbances, humiliation, loss of dignity, and interference with daily life activities.

**WHEREFORE,** Plaintiff demands judgment against Officers Thai and Valladares, individually, for compensatory damages, emotional distress damages, punitive damages, costs, and all further relief this Court deems just and proper.

## COUNT VI

### Civil Assault -- Placing Plaintiff in Reasonable Apprehension
### of Unlawful Seizure -- Florida State Law -- Against Officer T. Thai

**50.** Plaintiff realleges and incorporates herein paragraphs 1 through 18.

**51.** Under Florida law, civil assault consists of an intentional, unlawful threat -- by word or act -- to do violence or to unlawfully restrain the person of another, coupled with an apparent ability to carry it out, which creates in the victim a well-founded fear of imminent unlawful contact or unlawful restraint. See Fla. Stat. SS 784.011 (defining assault); Sullivan v. Atl. Fed. Sav. & Loan Ass'n, 454 So. 2d 52, 54 (Fla. 4th DCA 1984).

**52.** Officer Thai, while in full uniform, carrying a firearm, and acting under color and authority of law, deliberately threatened Plaintiff with unlawful arrest -- a threat to physically seize and restrain Plaintiff's person without probable cause -- and with the unlawful seizure and impoundment of his vehicle.

**53.** Officer Thai had the apparent ability and institutional authority to carry out these threats: he was an armed, uniformed police officer who had already

detained Plaintiff and who possessed both the physical and legal means, under color of law, to follow through on the threatened arrest.

54. Officer Thai's conduct placed Plaintiff in immediate, reasonable apprehension of an unlawful seizure of his person and property. Plaintiff's fear was objectively reasonable given that a uniformed, armed police officer was explicitly threatening him with false arrest in retaliation for asserting his constitutional rights.

55. As a direct and proximate result of Officer Thai's threatening conduct, Plaintiff suffered emotional distress, fear, humiliation, reasonable apprehension of continuing harm, and other compensable damages.

WHEREFORE, Plaintiff demands judgment against Officer Thai, individually, for compensatory damages, emotional distress damages, punitive damages, costs, and all further relief this Court deems just and proper.


## DAMAGES

56. As a direct and proximate result of all Defendants' acts and omissions alleged herein, Plaintiff has suffered the following ongoing damages:

- Severe and ongoing emotional distress, including anxiety, fear, sleep disturbances, and hypervigilance;
- Humiliation, loss of dignity, and damage to Plaintiff's sense of personal security and liberty;
- Reasonable apprehension of future encounters with law enforcement, chilling the exercise of constitutional rights;
- Compensatory damages for all non-economic harms proximately caused by Defendants' conduct;
- Punitive damages against individual officers to punish and deter willful and reckless disregard of constitutional rights;
- Attorney's fees and costs pursuant to 42 U.S.C. SS 1988 for all federal claims; and
- Such other and further relief as this Court deems equitable and just.

## DEMAND FOR BENCH TRIAL

Plaintiff hereby demands trial by bench on all issues so triable as a matter of right pursuant to the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 30th day of June, 2026.

/s/ Tonny R. Perez

**Tonny R. Perez**
2450 NE 135th St # 310
North Miami, FL 33181
TonnyRoberts@Yahoo.com
(786) 612-1153
*Pro Se Plaintiff*